IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TUNG THANH HOANG, | : |
| | : |
| Petitioner, | : CIVIL NO. 3:CV-08-1748 |
| | : |
| vs. | : (JUDGE VANASKIE) |
| | : |
| THOMAS DECKER, | : |
| | : |
| Respondent. | : |

M E M O R A N D U M

Petitioner Tung Thanh Hoang, a detainee of the United States Bureau of Immigration and Customs Enforcement ("ICE"), commenced this action pro se by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Hoang challenges his continued detention by ICE pending removal. Citing Zadvydas v. Davis, 533 U.S. 678 (2001), Hoang argues that, because there is no reasonable likelihood of his removal in the foreseeable future, he should be released under ICE supervision pending removal. For the reasons that follow, the petition will be referred to ICE as a request for review under 8 C.F.R. § 241.13.

I.   Background

Petitioner is a native and citizen of Vietnam. He entered the United States in early June 2006, as a non-immigrant visa holder with authorization to remain in the United States until July 1, 2006. Petitioner remained in the United States past July 1, 2006 without authorization.

On September 25, 2007, ICE commenced removal proceedings against Petitioner by issuing a Notice to Appear.  In the Notice, Petitioner was charged as removable pursuant to section 237(a)(1)(B) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States longer than permitted.   On January 30, 2008, Petitioner was ordered removed from the United States to Vietnam by an Immigration Judge. (Dkt. Entry 1, Pet., Ex. B, 4/23/08 Decision to Continue Detention.)

On February 29, 2008, Petitioner received a Notice of File Custody Review.  The review was conducted on April 23, 2008, and Field Office Director Thomas Decker issued a decision to continue Petitioner's detention.  (Id.)  In the decision, it was noted that ICE was working with Headquarters Travel Document Unit in Washington, D.C. and the Vietnamese Embassy to effect Petitioner's removal.  It was also noted that Petitioner had no equities in the United States and no sponsorship if released.  As such, he was considered a flight risk and deemed likely to abscond.  (Id.) Petitioner was further advised that if he was not released or removed by July 18, 2008, jurisdiction of a custody decision in his case would be transferred to the Headquarters Post Order Unit (HQCMU), where a final determination regarding his custody would be made.

On August 15, 2008, Petitioner received another custody review.  Citing basically the same reasons set forth in the earlier review, the Chief of the HQCMU issued a decision to continue Petitioner's detention.  Petitioner was advised that "ICE is currently working with the

government of Vietnam to obtain a travel document to effect your removal from the United States" and that "ICE expects that a travel document will be issued . . . and that . . . removal will occur in the reasonably foreseeable future." (Id., Ex. C, 8/15/08 Decision to Continue Detention.)  The decision further informed Petitioner that he was not precluded from bringing forth evidence in the future to demonstrate a good reason why his removal is unlikely, and advised him that he must demonstrate his efforts to comply with the order of removal and his cooperation with ICE efforts to effect his removal.  (Id.)

Petitioner filed the instant petition September 22, 2008.  He seeks either an order directing ICE to remove him immediately to Vietnam, or release him on supervision pending removal.

II.   Discussion

   A.   Legal Standards

A petition under § 2241 is the proper vehicle for a petitioner to use when he seeks to challenge the validity of post-removal-period detention.  See Zadvydas, 533 U.S. at 687-88. The statutory provision that governs the Court's review in this case is 8 U.S.C. § 1231.  Under § 1231(a), the Attorney General has ninety (90) days to remove an alien from the United States after his order of removal, during which time detention is mandatory.  At the conclusion of the ninety (90) day period, the alien may be held in detention, or may be released under supervision.  8 U.S.C. §§ 1231(a)(3)&(6).  While the statute gives the Attorney General the

discretion to detain an alien in this situation, this detention is subject to the limits of the Fifth Amendment's Due Process clause.  See Zadvydas, 533 U.S. at 690-92.

In Zadvydas, the United States Supreme Court interpreted § 1231(a)(6), the provision that allows for detention beyond the 90-day removal period, to limit post-removal-period detention to a period "reasonably necessary to bring about the alien's removal from the United States." Id. at 689.  To establish uniformity in the federal courts, the Court recognized six (6) months as a "presumptively reasonable period of detention." Id. at 701.

The Supreme Court further directed that if the alien provides good reason to believe that there is no significant likelihood of deportation in the reasonably foreseeable future at the conclusion of the six (6) months period, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." Id.  Not every alien must be released after the expiration of the six (6) month period.  Rather, an alien may still be detained beyond that point "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."

Following issuance of the Zadvydas decision, regulations were enacted to implement the newly established constitutional restraints.  Pursuant to 8 C.F.R. § 241.4, the ICE field office director having jurisdiction over the alien must make an initial custody determination

immediately following the expiration of the ninety (90) day removal period.[1]

Pursuant to 8 C.F.R. § 241.13, special review procedures are established for "those aliens who are subject to a final order of removal and are detained under the custody review procedures provided at § 241.4 after the expiration of the removal period, where the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he or she was ordered removed, or to a third country, in the reasonably foreseeable future." 8 C.F.R. § 241.13(a).[2]  Specifically, an eligible alien may make a written request for release to the ICE's Headquarters Post-Order Detention Unit ("HQPDU"), "asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future to the country to which the alien was ordered removed and there is no third country willing to accept the alien." 8 C.F.R. § 241.13(d)(1).  The factors considered by the HQPDU in determining whether an alien is not likely to be removed in the reasonably foreseeable future include whether it is reasonable to believe that travel documents can be obtained, given the federal government's efforts, the receiving country's willingness to facilitate the process, and the history of the alien's efforts to comply with the order of  removal.  See 8 C.F.R. § 241.13(g).  The HQPDU is required to issue a written decision regarding the likelihood

---

[1] This is often referred to as the post-order-custody review "POCR."

[2] This is often referred to as the "180-day POCR."

of removal and whether there is a significant likelihood that the alien will be removed in the reasonably foreseeable future under the circumstances, and provide a copy of the decision to the alien. 8 C.F.R. § 241.13(g).

B. Analysis

There is no question that the HQCMU conducted a review of Petitioner's custody status on August 15, 2008, and decided to continue his detention, regardless of whether Petitioner initiated the custody review request. (Dkt. Entry 1, Pet., Ex. C, 8/15/08 Decision to Continue Detention.) Further, the fact that the HQCMU conducted the review as opposed to the HQPDU is immaterial. The HQCMU is on the same administrative level and performs the same custody reviews as the HQPDU. See Akinsehinwa v. Donate, Civ. Action No. 08-0395, 2008 WL 2951072, slip op. at 3, n. 2 (M.D. Pa. July 30, 2008).

Petitioner argues that his procedural due process rights have been violated with regard to the 180 day post-removal-order review conducted by the HQCMU in that he was not provided with the meaningful opportunity to demonstrate that he should not be detained, as required by Zadvydas. He thereafter proceeds to argue his position as to why good reasons exist to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

In reviewing the record, it is clear that the HQCMU did conduct a custody review following the expiration of the six (6) month period as evidenced by the decision to continue

detention issued on August 15, 2008.  (Dkt. Entry 1, Pet., Ex. C.) While it appears the review was conducted about a month late and seems to have been a file review without input from Petitioner, it is also clear that Petitioner was advised in the decision that he was not precluded by the decision from bringing forth evidence to demonstrate a good reason why his removal is unlikely.  There is no indication that subsequent to the decision of the HQCMU that Petitioner has filed any such request with ICE to do so.  Rather, he attempts to seek relief in this Court based upon the standards established in Zadvydas.  There is no indication that the HQCMU has yet considered Petitioner's arguments, and said forum is more appropriate for initially doing so before turning to the Court pursuant to a habeas corpus petition.  See Bonitto v. Bureau of Immigration and Customs Enforcement, 547 F.Supp. 2d 747, 755 n.7 (S.D. Tex. 2008). Accordingly, the Court will order ICE to treat this petition as a request for release under 8 C.F.R. § 241.13, and provide Petitioner with a response to his request within thirty (30) days. Having referred the issue of release to the government for disposition under existing review procedures, the petition will be denied.  An appropriate Order follows.

                                                    s/ Thomas I. Vanaskie
                                                    Thomas I. Vanaskie
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

TUNG THANH HOANG,                         :
                                          :
       Petitioner,                :    CIVIL NO. 3:CV-08-1748
                                          :
  vs.                                     :    (JUDGE VANASKIE)
                                          :
THOMAS DECKER,                            :
                                          :
       Respondent.                :

# O R D E R

    NOW, THIS 31st DAY OF OCTOBER, 2008, in accordance with the foregoing Memorandum, IT IS HEREBY ORDERED AS FOLLOWS:

    1.    ICE shall treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13.  ICE shall provide Petitioner with a response to his request within thirty (30) days.

    2.    The petition for writ of habeas corpus is denied, without prejudice.

    3.    The Clerk of Court is directed to mark this matter closed.

                                  s/ Thomas I. Vanaskie
                                  Thomas I. Vanaskie
                                  United States District Judge